UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| |
|---|
| NICHOLAS KIRBY, Individually and on behalf of all others similarly situated, <br><br>     *Plaintiff,* <br><br> v. <br><br> ALDEYRA THERAPEUTICS, INC., TODD C. BRADY, MICHAEL ALFERI, and BRUCE M. GREENBERG <br><br>     *Defendants.* |

No. 26-cv-11510-DJC

## <u>MEMORANDUM AND ORDER ON MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND FOR APPROVAL OF LEAD COUNSEL</u>

LEVENSON, U.S.M.J.

## <u>INTRODUCTION</u>

This is a putative class action involving alleged violations of the Securities Exchange Act of 1934. Plaintiff Nicholas Kirby ("Kirby") brought suit, individually and on behalf of a class of similarly situated persons, against Aldeyra Therapeutics, Inc. ("Aldeyra") and three individual employees (collectively, "Defendants"). The Complaint alleges that class members were harmed when they purchased or acquired Aldeyra securities at prices inflated by Aldeyra's false and misleading statements about a drug candidate's clinical trials for the treatment of dry eye disease.

Pursuant to the Exchange Act, 15 U.S.C. § 78u-4(a)(3)(B), three putative class members, all individuals, have each moved to be appointed as lead plaintiff and to approve their selection of lead counsel:

- Russell Yates Orrell ("Orrell") filed a motion to appoint (Docket No. 9), memorandum in support (Docket No. 10), and declaration in support (Docket No. 11).

- Sergio Albonico ("Albonico") filed a motion to appoint (Docket No. 12), memorandum in support (Docket No. 13), and declaration in support (Docket No. 14).

- Hugo Bustamante ("Bustamante") filed a motion to appoint (Docket No. 15), memorandum in support (Docket No. 16), and declaration in support (Docket No. 17).

The parties appear to converge on Albonico as the lead plaintiff for this matter. Orrell (Docket No. 18) and Bustamante (Docket No. 19) have filed notices of non-opposition to Albonico's motion. Albonico files a motion reiterating the non-opposition by Orrell and Bustamonte. Docket No. 20.

For the reasons set forth below, Albonico's motion will be allowed, and the motions of Orrell and Bustamante will be denied.

## I.    Background

The following facts are drawn from the Complaint. Docket No. 1.

Aldeyra describes itself as a "biotechnology company devoted to discovering innovative therapies designed to treat immune-mediated diseases." *Id*. ¶ 7. Relevant to this case is reproxalap, "a novel reactive aldehyde species (RASP) inhibitor," which Aldeyra investigated as a potential "treatment for a variety of diseases, including dry eye disease." *Id.* ¶ 8. Aldeyra is incorporated in Delaware with its head office in Lexington, Massachusetts. *Id.* ¶ 9.

On various dates between November 3, 2023, and February 27, 2026, Aldeyra filed quarterly and annual reports with the Securities and Exchange Commission ("SEC") containing statements about reproxalap. For example, on November 3, 2023, Aldeyra filed with the SEC a

quarterly report that stated: "[r]eproxalap has demonstrated broad-based, rapid-onset activity and consistent safety across a number of Phase 2 and Phase 3 clinical trials." *Id.* ¶ 20 (alteration in original). On February 27, 2026, Aldeyra filed its annual report for FY2025 with statements, such as:

- [T]he validity of the RASP platform is supported by reproxalap, our first-in-class product candidate for the treatment of dry eye disease, which has demonstrated broad-based, rapid-onset activity and consistent safety across a number of Phase 2 and Phase 3 clinical trials.

- [I]n a number of Phase 2 and Phase 3 clinical trials in dry eye disease, reproxalap demonstrated consistent statistically significant and clinically relevant activity across a variety of symptoms and signs, occurring as early as within minutes of dosing.

Id. ¶¶ 31–32.

On March 17, 2026, before the market opened, Aldeyra filed a current report on Form 8-K with the SEC, which stated in part:

As reported under Item 7.01 of this Current Report on Form 8-K, on March 17, 2026, Aldeyra announced receipt of the 2026 Complete Response Letter. The 2026 Complete Response Letter stated that there is 'a lack of substantial evidence consisting of adequate and well-controlled investigations … that the drug product will have the effect it purports or is represented to have under the conditions of use prescribed, recommended, or suggested in its proposed labeling' and that 'the application has failed to demonstrate efficacy in adequate and well controlled studies in the treatment of signs and symptoms of dry eye disease.' The 2026 Complete Response Letter also stated that the '**inconsistency of study results raises serious concerns about the reliability and meaningfulness of the positive findings**' and that 'the totality of evidence from the completed clinical trials does not support the effectiveness of the product.'

Id. ¶ 35 (alteration in original). "On this news, the price of Aldeyra stock went down by $2.99, or approximately 70.7%, to close at $1.24 per share on March 17, 2026." *Id.* ¶ 36.

On March 30, 2026, Kirby filed a complaint on behalf of all purchasers, and those who otherwise acquired, Aldeyra's publicly traded securities for a purported class period between November 3, 2023, and March 16, 2026. *Id.* ¶ 1. The Complaint alleges that the statements in

Aldeyra's SEC filings were materially false and/or misleading. *Id.* ¶ 34. Specifically, the Complaint alleges that the results of the reproxalap clinical trials were inconsistent, unreliable, and not meaningful, and as a result Defendant's statements about its business, operations, and prospects were materially false and/or misleading. *Id.*

Notice was published on Business Wire on March 30, 2026, announcing the suit, the claims asserted, and the class period, and announcing that members of the class may move to serve as lead plaintiff no later than May 29, 2026 (within 60 days of the notice). Docket Nos. 11-3, 14-1, 17-1 (notice published online at Business Wire on March 30, 2026). On May 29, 2026, Orrell, Albonico, and Bustamante each moved to be appointed lead plaintiff and to approve their respective selections of lead counsel. Docket Nos. 9, 12, 15.

## II.    Legal Standard

"The Private Securities Litigation Reform Act ("PSLRA") sets forth detailed procedures for bringing and maintaining securities class actions. The provisions are intended to increase the chances that securities fraud cases are brought by investors who have substantial and genuine interests in the litigation." *Metzler Asset Mgmt. GmbH v. Kingsley*, No. CV 16-12101-FDS, 2017 WL 438731, at *2 (D. Mass. Feb. 1, 2017).

Upon filing a complaint, the PSLRA's procedural requirements include a certification, a widely circulated notice, and timeframes for each step. The certification requirement has been met here. *See* 15 U.S.C. § 78u-4(a)(2)(A) (setting forth requirements for the sworn certification filed with the complaint); Docket No. 1-3 (sworn certification filed with the Complaint by Plaintiff Kirby). Prospective lead plaintiffs Orrell, Albonico, and Bustamante all filed certifications with their declarations. *See* Docket Nos. 11-1 at 2, 14-2 at 2–3, 17-2 at 2–3.

The requirement for notice in a widely circulated national business-oriented publication has also been satisfied and is not at issue here. *See* 15 U.S.C. § 78u-4(a)(3)(A) (setting forth

4

requirements for notice); Docket Nos. 11-3, 14-1, 17-1. Orrell, Albonico, and Bustamante all filed their motions within 60 days on May 29, 2026. Docket Nos. 9, 12, 15.

The Court shall then "appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members," who is referred to as the "most adequate plaintiff." 15 U.S.C. § 78u-4(a)(3)(B)(i). There is a rebuttable presumption that the most adequate plaintiff is the person or group that:

> (aa) has either filed the complaint or made a motion in response to a notice under subparagraph (A)(i);

> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and

> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(B)(iii)(I). This presumption may be rebutted upon proof by a class member that the presumptively most adequate plaintiff "will not fairly and adequately protect the interests of the class; or . . . is subject to unique defenses that render such plaintiff incapable of adequately representing the class." Id. § 78u-4(a)(B)(iii)(II).

## III.   Analysis

### A.   *Presumed Lead Plaintiff*

Here, Albonico is the presumed lead Plaintiff as he meets all the statutory factors. Albonico did not file the Complaint, but he moved to be lead plaintiff. Docket No. 12. Named Plaintiff Kirby, who filed the Complaint, has not filed a motion to be lead plaintiff.

As to the second factor, Albonico appears to have the largest financial interest, by a substantial margin:

- Albonico alleges a total loss of approximately $332,843.55. Docket No. 13 at 5; Docket No. 14-3 at 2.

- Orrell alleges a total loss of approximately $43,180.39. Docket No. 10 at 5; Docket No. 11-2 at 2.

- Bustamante alleges a total loss of $50,036.16. Docket No. 16 at 9; Docket No. 17-3 at 2.

Finally, Albonico otherwise satisfies the typicality and adequacy requirements of Federal Rule of Civil Procedure 23.[1] "In deciding a motion to serve as lead plaintiff, a court need only make findings as to the typicality and adequacy of the proposed lead plaintiff . . . [t]hese findings need only be 'preliminary.'" *Metzler Asset Mgmt. GmbH*, 2017 WL 438731, at *3 (citing, then quoting *In re Tronox, Inc. Sec. Litig.*, 262 F.R.D. 338, 343-44 (S.D.N.Y. 2009)).

At this stage of the litigation, Albonico meets both requirements. His claims do not appear to be unique or distinguishable from those of the other class members (or other movants)—essentially, he purchased or acquired stocks during the class period and makes claims regarding alleged false and misleading statements. *See* Docket No. 13 at 6 ("Like all members of the Class, Mr. Albonico alleges that Defendants violated the Exchange Act by issuing false and misleading statements about the Company's business, operations, and prospects.").

---

[1] Rule 23 states that a class member may act as a representative party only if:

(1) the class is so numerous that joinder of all members is impracticable;
(2) there are questions of law or fact common to the class;
(3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and
(4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23.

6

"To meet the adequacy requirement, plaintiffs must demonstrate that they have common interests and an absence of conflict with the class members and that the plaintiffs' attorneys are qualified, experienced and vigorously able to conduct the litigation." *In re Lernout & Hauspie Sec. Litig.*, 138 F. Supp. 2d 39, 46 (D. Mass. 2001). Albonico's interests appear to be aligned with other class members, there are no apparent conflicts, and Plaintiff's attorneys are "qualified, experienced and vigorously able to conduct the litigation." *Id*.; *see* Docket No. 13 at 6–7 ("Movant is not aware that any conflict exists between Movant's claims and those asserted on behalf of the Class.").

Lastly, the competing movants have each filed notices of non-opposition to appointing Albonico as lead plaintiff (Docket Nos. 18–19), and there is no evidence to rebut the presumption that Albonico is the most adequate plaintiff.

Albonico's motion to be appointed lead plaintiff is therefore allowed, and conversely Orrell and Bustamante's motions are denied.

### B.    *Choice of Counsel*

Albonico also moves for the Court to approve his selection of The Rosen Law Firm, P.A., as lead counsel for the class. Docket No. 12; *see* 15 U.S.C. § 78u-4(a)(3)(B)(v) ("The most adequate plaintiff shall, subject to the approval of the court, select and retain counsel to represent the class."). It appears that the firm has successfully handled a number of securities class actions. Docket No. 14-4. The Court is not aware of any reason to reject Albonico's selected counsel. Accordingly, the Court will approve of Albonico's selection of The Rosen Law Firm, P.A., and the firm's attorneys who have filed their appearance in this matter, as lead counsel.

CONCLUSION

For the forgoing reasons, Albonico's motion to be appointed as lead plaintiff and to approve of his choice of lead counsel is **ALLOWED**.

Orrell's motion to be appointed as lead plaintiff and to approve of his choice of lead counsel is **DENIED**.

Bustamante's motion to be appointed as lead plaintiff and to approve of his choice of lead counsel is **DENIED**.[2]

/s/ Paul G. Levenson
Paul G. Levenson
U.S. MAGISTRATE JUDGE

Dated: August 10, 2026

---

[2] The parties are advised that under Federal Rule of Civil Procedure 72(a) or Federal Rule of Criminal Procedure 59(a), and under Rule 2(b) of the Rules for United States Magistrate Judges in the United States District Court for the District of Massachusetts, any party seeking review by a district judge of these determination(s) and order(s) must serve and file any objections within 14 days of receiving this order, unless a different time is prescribed by the magistrate judge or a district judge. Such objections must specifically designate the order, or part thereof, to be modified or set aside and the basis for objection. The district judge will set aside any portion of the magistrate judge's order that is found to be clearly erroneous or contrary to law. The parties are further advised that failing to follow the objection procedures of Rule 2(b) may preclude further appellate review. *See Phinney v. Wentworth Douglas Hosp.*, 199 F.3d 1, 4 (1st Cir. 1999); *Sunview Condo. Ass'n v. Flexel Int'l, Ltd.*, 116 F.3d 962, 964–65 (1st Cir. 1997).